
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2038-BO

| | |
|---|---|
| WESLEY DAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JUSTIN ANDREWS, ) | |
| ) | |
| Respondent. ) | |

On February 21, 2017, petitioner, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1], together with a supporting memorandum [D.E. 1-1]. Petitioner seeks appointment of counsel. [D.E. 1-1 at 1]. This matter is before the court for a preliminary review under 28 U.S.C. § 2243.

## BACKGROUND

On June 5, 2012, in the Eastern District of North Carolina, petitioner pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute a quantity of cocaine and a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. See Day v. United States, No. 4:12-CR-36-BO, 2014 WL 12493188, at *1 (E.D.N.C. Feb. 10, 2014). On November 14, 2012, this court sentenced petitioner to concurrent terms of 151 and 120 months' imprisonment. See Day, 2014 WL 12493188, at 1. Petitioner did not appeal. Pet. at 2.

On November 14, 2013, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, which this court dismissed on February 10, 2014. See Pet. at 4; Day, 2014 WL 12493188, at 2. Petitioner appealed. On May 29, 2014, the Fourth Circuit Court of Appeals dismissed the

appeal. See United States v. Day, 573 F. App'x 275 (4th Cir. 2014) (per curiam).

In the instant petition, petitioner's sole ground for relief is that he is actually innocent of being a career offender under section 4B1.1 of the United States Sentencing Guidelines ("the Guidelines"). More specifically, petitioner contends that in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), his prior state drug convictions under N.C. Gen. Stat. § 90-95 no longer qualify as "controlled substance offenses" under section 4B1.2(b) of the Guidelines. Pet. at 2; Mem. Supp. Pet. at 6. Petitioner asks for resentencing without the career offender enhancement and maintains that his continued incarceration under his current sentence violates his right to due process of law. Mem. Supp. Pet. at 5.

## DISCUSSION

Although petitioner filed the current action under 28 U.S.C. § 2241, he attacks the legality, rather than the execution, of his sentence. A petitioner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless the remedy under section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("savings clause"); see Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); In re Jones, 226 F.3d 328, 332–33 (4th Cir. 2000). Section 2255 is inadequate or ineffective to test the legality of a sentence when three conditions are met:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (explaining the remedy afforded by section 2255 is not rendered inadequate or ineffective merely because relief has

become unavailable under section 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal) (internal citation omitted). If such a showing is made, federal courts retain jurisdiction to hear the section 2241 petition. Id. at 333. Otherwise, a court must dismiss the habeas petition for lack of jurisdiction. Rice, 617 F.3d at 807.

To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 326 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329.

Petitioner's claim does not fall within section 2255's savings clause. First, his claim is not based upon a contention that the conduct which led to his federal conviction is no longer criminal as a result of some change in the law. Instead, he challenges the basis for his career offender sentence enhancement. However, the savings clause does not apply to a prisoner who argues only his innocence of a sentencing factor. See 28 U.S.C. § 2255(h)(1); Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (section 2255's savings clause "only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of [a] sentencing factor"). Moreover, Mathis did not establish a new rule of constitutional law. See Arazola-Galea v. United

3

States, , ___ F.3d. ___, 2017 WL 6327838, at *2 (9th Cir. 2017) (collecting cases). Thus, petitioner cannot demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention. Therefore, the court dismisses the petition for lack of jurisdiction. Rice, 617 F.3d at 807.

Moreover, petitioner's reliance on Mathis is misplaced. In Mathis, the Supreme Court held that a prior state conviction does not qualify as a predicate under the Armed Career Criminal Act ("ACCA") if the elements of the state crime of conviction are broader than "the elements of the ... offense as commonly understood." Mathis,136 S. Ct. at 2247–48 (finding Iowa's definition of burglary more encompassing than the "generic" or common law definition of burglary). Relying on this holding, petitioner argues a controlled substance offense under N.C. Gen. Stat. § 90-95[1]—the statute that provided the basis for his prior state convictions—"covers a greater swath of conduct" than its generic counterpart under section 4B1.2(b) of the Guidelines[2] and therefore his prior state drug convictions are invalid predicate offenses for career offender determination. Mem. Supp. Pet. at 2.

---

[1] Under North Carolina's controlled substance offense, it is unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." N.C. Gen. Stat. § 90-95(a).

[2] At the time of petitioner's conviction, the Guidelines defined a "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

See U.S. Sentencing Guidelines Manual § 4B1.2(b) at 398 (U.S. Sentencing Comm'n 2011) available at https://www.ussc.gov/guidelines/archive/2011-federal-sentencing-guidelines-manual (last visited Dec. 21, 2017).

The Fourth Circuit's recent decision in United States v. Dozier is instructive. 848 F.3d 180 (4th Cir. 2017). In that case, the Fourth Circuit determined that West Virginia's "controlled substance offense" was a categorical match with the generic "controlled substance offense" as provided by the Guidelines. Id. at 187–88. Under the same reasoning, North Carolina's "controlled substance offense" is a categorical match because the related elements are no broader than the generic offense. See id. at 187; compare U.S.S.G. § 4B1.2(b), and W. Va. Code § 60A-4-401(a),[3] with N.C. Gen Stat.§ 90-95(a)(1). Therefore, petitioner's claim lacks merit.

As for petitioner's request for appointment of counsel, no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and petitioner set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies the request for appointed counsel.

## CONCLUSION

In sum, the court DISMISSES without prejudice petitioner's petition [D.E. 1] for lack of subject matter jurisdiction. A certificate of appealability is DENIED.[4] The clerk is DIRECTED to close this case.

---

[3] West Virginia's controlled substance offense provides "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." W. Va. Code § 60A-4-401(a).

[4] After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of petitioner's claims debatable or wrong, and the claims do not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-el v. Cockrell, 537 U.S. 322, 335–36 (2003).

SO ORDERED, this the 22 day of December, 2017.

TERRENCE W. BOYLE
United States District Judge